Judge Owsley
delivered the judgment of the court.
This was an action of trespass, brought by Morrow to *292 recover damages for a trespass committed by Hart, in en« le! 'nS uPon a fold of growing corn, and converting and disposing of the same to his use, &c.
After a sufficient!ev\ on a ■ • debtor s ⅛ tiabie tono further dis-^the 4<ro°e^ tyL detained from him.
Hart, by his plea, admits the taking, but alledges it to have been done by him as constable, under a fieri facias, which had been issued from a justice of the peace, upon a judgment against Morrow, and justifies the sale and conversion of the corn, in satisfaction of the execution.
To this plea, Morrow replies, that before the levy on, and sale of, the corn, Hart had taken under the execution a cupboard of value sufficient to satisfy the demand, and, after having advertised the time and place of the sale of the cupboard, and failing to sell for the want of bidders, seized and sold the corn, &c.
Hart then rejoined, that after the cupboard was taken by him, Morrow fraudulently took it into his possession, locked it in his house, and refused to restore u: and, in order to satisfy the execution, whilst it was in full force, he levied it upon the corn.
Morrow, in answer to the rejoinder, by surrejoinder, admits the locking the cupboard in hiss house, but alledges it to have been in consequence of Hart’s refusing and failing to remove it; and concludes, by alledging the corn to have been thereafter, whilst lie was absent, taken and sold by Hart.
To this surrejoinder Hart demurred, and the demurrer being joined, judgment was rendered by the court in bar of Morrow’s action.
From these pleadings, although Hart is admitted tp have taken^H,. eppboard in'execution, before he made the levy upop the corn; it js obvious, that the cupboard, when the corn was taken, was possessed by Morrow, so that, he could have been jn no nosgjble danger of being twice subjected to the payment of the execution." For no purpose of justification, therefore, can Haft be made responsible, and if the action can be" sustained against hint, ¡t must be upon some technical principle of the common law.
We are aware that the doctrine'is laid down in general terms, discharging the defendant, not only from the execu-1'°<3 but from all further liability to the judgment, where the sheriff has taken goods to the amount of the debt. But into those authorities, we are satisfied they should be understood with a limitation, and that the mere taking of property by the officer ought not, and in legal contera- *293 plat ion does not, either operate as a satisfaction of the judgrnent or execution. . . , .
Bott!iepro-restored, the debtor is 1⅛ ble to a new
B. Hardin for appellant, Wicklifft for appellee.
Whilst the property taken in execution is detained by the officer, there is no doubt, but as was held in the case of Martney against Andrews, Cro. Eliz. 237, but that even a scire facias to have execution, cannot be maintained. But if the property is not detained, but restored to the defendant, as was held by this court in the case of M’Ginnis against Lillard’s executor, the plaintiff is still entitled to have execution of his judgment. .
And hence, although by the pleadings, the cupboard is pot expressly alledged to have been restored to Morrow, yet as by taking it in bis house, he appears to have been secured in its possession, we apprehend he should not occupy more favorable ground, than if the cupboard had been ac» tually restored to him by the officer, and that, consequently, for a subsequent taking of his property by the same execution, he ought not to be permitted to sustain an action.
The judgment of the court against him, therefore, must be affirmed with cost. -